Peter M. de Jonge, UT 7185
Jed H. Hansen, UT 10679
P. Scott Smith, UT 10700
**THORPE, NORTH & WESTERN, LLP**
8180 South 700 East, Suite 350
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Mark M. Bettilyon, UT 4798
Samuel C. Straight, UT 7638
**RAY QUINNEY & NEBEKER, PC**
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

*Attorneys for Plaintiff*
American Covers, Inc.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| American Covers, Inc., a Utah corporation,<br><br>    Plaintiff<br>    v.<br><br>Aromate Industries Co. Ltd. and Mr. Wu Han-Yuan and Mrs. Huang Qi-Juan<br><br>    Defendants. | **COMPLAINT<br>WITH JURY DEMAND**<br><br>Case No.: 2:11-cv-00054-CW<br><br>Judge Clark Waddoups |

Plaintiff American Covers, Inc. ('American Covers") by and through its counsel hereby files this Complaint with Jury Demand against Defendants Aromate Industries Co. Ltd, ("Aromate"), Mr. Wu Han-Yuan, ("Mr. Wu"), and Mrs. Huang Qi-Juan ("Mrs. Huang").

**COMPLAINT**

1

American Covers complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.   American Covers is a Utah corporation having a principal place of business at 675 West 14600 South, Bluffdale, Utah 84065.

2.   Upon information and belief, Aromate Industries Co. Ltd, is a Taiwanese Corporation with its principal place of business at 4 F, NO. 6, Lane 497, Zhongzheng Rd., Xindian Dist., New Taipei City, Taiwan 231.

3.   Upon information and belief, Mr. Wu Han-Yuan (Aka Henry Wu) is an individual and officer of Aromate and a resident of Taiwan.

4.   Upon information and belief, Mrs. Huang Qi-Juan (Aka Jane Huang) is an individual and officer of Aromate and a resident of Taiwan.

5.   Upon information and belief, Aromate, Mr. Wu, and Mrs. Huang, (collectively "Defendants") are affiliated, related, or are otherwise associated with each other. Upon information and belief, these entities are jointly and severally liable for the acts complained of herein.

6.   This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

7.   This Court has supplemental jurisdiction over any state of Utah statutory and common law claims pursuant to 28 U.S.C. § 1367.

8.   Upon information and belief, this Court has specific personal jurisdiction over Defendants as Defendants have purposefully directed their activities toward the state of Utah and this action is based upon activities that arise out of or related to those contacts.

9.   Additionally, upon information and belief, this Court has general personal jurisdiction over Defendants since their contacts with Utah are substantial, continuous, and systematic.

10.  Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### AMERICAN COVERS' PRODUCTS AND INTELLECTUAL PROPERTY

11.     American Covers is in the business of inventing, developing, manufacturing, distributing, and selling various air fresheners and other products, including air freshener vent sticks that can be inserted into automotive vents.

12.     American Covers owns all right, title and interest in and to a valid and enforceable United States patent, U.S. Patent No. 7,687,037 (the "'037 Patent"), entitled "Air Freshener and Method."  The '037 Patent issued on March 30, 2010.  A copy of the '037 Patent is attached as Exhibit A.

13.     American Covers owns all right, title and interest in and to a valid and enforceable United States patent, U.S. Patent No. 7,687,038 (the "'038 Patent"), entitled "Air Freshener and Method."  The '038 Patent issued on March 30, 2010.  A copy of the '038 Patent is attached as Exhibit B.

### DEFENDANTS' INFRINGING ACTS
### PATENT INFRINGEMENT

14.     Upon information and belief, Defendants make, use, sell, offer for sale, and import into the United States an air freshener that infringes one or more claims of the '037 Patent.  A picture of one example Defendants' infringing products is attached hereto as Exhibit C.

15.     Upon information and belief, Defendants make, use, sell, offer for sale, and import into the United States an air freshener that infringes one or more claims of the '038 Patent.  A picture one of one example of Defendants' infringing products is attached hereto as Exhibit D.  Upon information and belief, Defendants' product attached as Exhibit D is being sold under the Yankee Candle brand.

16.     Upon information and belief, Defendants have actively induced others to infringe one or more claims of the '037 Patent and the '038 patent.  Defendants knew, upon information and belief, that use of the infringing product by end users would directly infringe the '037 Patent

and the '038 Patent. Upon information and belief, Defendants had specific intent to thus induce infringement of the '037 Patent and the '038 Patent.

17. Defendants continued making, using, selling, importing, offering for sale and distribution of the infringing air fresheners has injured, is injuring, and will continue to cause irreparable injury to American Covers' valuable patent rights.

18. Additionally, upon information and belief, Defendants acted in an objectively reckless manner with respect to American Covers' patent rights. Upon information and belief, Defendants made, used, sold, offered for sale, and imported into the United States its infringing air freshener products knowing that it was highly likely that its acts would constitute infringement of a valid patent. Upon information and belief, Defendants knew or should have known that its actions were highly likely to result in the infringement of a valid patent. As a consequence, Defendants have engaged in willful infringement of the '037 Patent and the '038 and American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

**FIRST CAUSE OF ACTION**

**(Patent Infringement of the '037 Patent under 35 U.S.C. § 271)**

19. American Covers hereby incorporates by reference each and every preceding allegation of this complaint as if set forth fully herein.

20. American Covers owns all right, title and interest in and to the '037 Patent.

21. Defendants make, use, sell, offer for sale, and/or import into the United States air fresheners that directly infringe one or more claims of the '037 Patent.

22. At no time has American Covers granted any of Defendants permission, license or authorization to use American Covers' technology claimed in the '037 Patent.

23. Upon information and belief, Defendants have actively induced others to use air fresheners that infringe one or more claims of the '037 Patent. Defendants knew, upon information and belief, that the use of the air fresheners by end users would directly infringe the

'037 Patent.  Upon information and belief, Defendants had specific intent to thus induce infringement of the '037 Patent.

24. Defendants infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendants infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendants is not fully compensable by money damages.  American Covers has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendants is preliminarily and permanently enjoined.

25. Defendants acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendants made, used, sold, offered for sale, and imported into the United States its infringing air freshener products knowing that it was highly likely that its acts would constitute infringement of a valid patent.  Defendants knew, or should have known, that their actions were highly likely to result in the infringement of a valid patent.  As a consequence, Defendants have engaged in willful infringement of the '037 Patent and American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### (Patent Infringement of the '038 Patent under 35 U.S.C. § 271)

26. American Covers hereby incorporates by reference each and every preceding allegation of this complaint as if set forth fully herein.

27. American Covers owns all right, title and interest in and to the '038 Patent.

28. Defendants make, use, sell, offer for sale, and/or import into the United States air fresheners that directly infringe one or more claims of the '038 Patent.

29. At no time has American Covers granted any of Defendants permission, license or authorization to use American Covers' technology claimed in the '038 Patent.

30.     Upon information and belief, Defendants have actively induced others to use air fresheners that infringe one or more claims of the '038 Patent. Defendants knew, upon information and belief, that the use of the air fresheners by end users would directly infringe the '038 Patent. Upon information and belief, Defendants had specific intent to thus induce infringement of the '038 Patent.

31.     Defendants infringing activities have damaged American Covers in an amount to be proven at trial. Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendants infringing activities under 35 U.S.C. §284. Additionally, the harm to American Covers arising from these acts by Defendants is not fully compensable by money damages. American Covers has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendants is preliminarily and permanently enjoined.

32.     Defendants acted in an objectively reckless manner with respect to American Covers' patent rights. Upon information and belief, Defendants made, used, sold, offered for sale, and imported into the United States its infringing air freshener products knowing that it was highly likely that its acts would constitute infringement of a valid patent. Defendants knew, or should have known, that their actions were highly likely to result in the infringement of a valid patent. As a consequence, Defendants have engaged in willful infringement of the '038 Patent and American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## THIRD CAUSE OF ACTION

**(Unfair Competition, Utah Code Ann. §13-5a-102, 103 and/or §13-5-14 and Utah Common Law)**

33.     American Covers hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

34.     American Covers owns all right, title and interest in and to two valid and enforceable United States patent, the '037 Patent and the '038 Patent.

35.     Defendants have engaged in unfair methods of competition by intentionally infringing one or more claims of the '037 Patent and the '038 Patent.

36.     Defendants make, use, sell, offer for sale, and/or import into the United States air fresheners that infringe one or more claims of the '037 patent and the '038 Patent.

37.     Defendants have actively induced others to use air fresheners that infringe one or more claims of the '037 patent and the '038 Patent.  Defendants knew, upon information and belief, that use of the air fresheners by end users would directly infringe the '037 Patent and the '038 Patent.  Upon information and belief, Defendants had specific intent to thus induce infringement of the '037 Patent and the '038 Patent.

38.     By engaging in the above-described activities, Defendants have engaged in unfair competition under Utah Code Ann. §13-5a-102, 103 and/or 13-5-14 and under Utah common law.

39.     American Covers has suffered actual damages as a result of unfair business practices by Defendants in an amount to be proven at trial.  Additionally, the harm to American Covers arising from these acts by Defendants is not fully compensable by money damages.  American Covers has suffered, and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this unfair conduct by Defendants is preliminarily and permanently enjoined.  Furthermore, American Covers is entitled to its attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**(Unjust Enrichment under Utah Common Law)**

40.     American Covers hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

41.     Defendants have benefited from the improper, unfair, and unauthorized use of American Covers' '037 Patent and '038 Patent as alleged herein.

42.     Defendants have, or should have knowledge of and fully appreciate the benefits they have received from American Covers as a result of its actions.

43.     Defendants would be unjustly enriched if they were permitted to retain the proceeds obtained from such actions.

44.     Equity and good conscience require that Defendants be required to account for and pay to American Covers an amount equal to value of the benefits conferred upon it.

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of American Covers as follows:

A.     That the Court enter judgment that Defendants have infringed the '037 Patent.

B.     That the Court enter judgment that Defendants have infringed the '038 Patent.

C.     That the Court enter judgment that Defendants have induced infringement of the '037 patent and the '038 patent.

D.     That the Court enter judgment that Defendants have competed unfairly pursuant to Utah Code. Ann. § 13-5a-102 and §13-5-14 and Utah common law.

E.     That Defendants be ordered to pay damages to American Covers, together with interest, in an amount be determined by this Court.

F.     That the Court award American Covers treble damages pursuant to 35 U.S.C. §284.

G.     That the Court award American Covers its costs and attorneys' fees related to this action.

H.     That the Court award American Covers prejudgment interest.

I.     That American Covers have such other and further relief as shall seem just and proper to the Court.

J.     That the Court grant preliminary and permanent injunctive relief enjoining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all other aiding, abetting, or acting in concert or active participation therewith, from

directly or indirectly infringing the patents in suit, including with limitation, precluding Defendants from making, using, selling, offering for sale, or importing the infringing products.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, American Covers hereby demands a jury trial on all its claims and issues so triable.

DATED: January13, 2011  THORPE NORTH & WESTERN, LLP

/s/ Peter M. de Jonge
Peter M. de Jonge
Jed H. Hansen
P. Scott Smith
THORPE NORTH & WESTERN, LLP

Mark M. Bettilyon
Samuel C. Straight
RAY QUINNEY & NEBEKER, PC

Attorneys for Plaintiff
American Covers